**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| AML IP, LLC.,<br>    Plaintiff,<br><br>v.<br><br>BATH & BODY WORKS, LLC.,<br>    Defendant. | Civil Action No. 6:22-cv-00216<br><br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff AML IP LLC ("AML") files this Original Complaint and demand for jury trial seeking relief from patent infringement of the claims of 6,876,979 ("the '979 patent") (referred to as the "Patent-in-Suit") by Bath & Body Works, LLC ("Defendant" or "Bath & Body Works").

### I.    THE PARTIES

1.   AML IP LLC is a Texas limited liability corporation with its principal place of business located in Austin, Texas.

2.   On information and belief, Defendant Bath & Body Works is a corporation organized and existing under the laws of Delaware, having its principal place of business at Three Limited Parkway, Columbus, Ohio 43230. Bath & Body Works can be served through its registered agent: CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201, or at its place of business, or anywhere ese it may be found.

3.   Defendant has a regular and established place of business located 849 Market Street, Allen, Texas 75013. On information and belief, Defendant sells and offers to sell products and services throughout Texas, including in this judicial district, and introduces products and services that

perform infringing methods or processes into the stream of commerce knowing that they would be sold in Texas and this judicial district.

## II. JURISDICTION AND VENUE

4. This Court has original subject-matter jurisdiction over the entire action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because Plaintiff's claim arises under an Act of Congress relating to patents, namely, 35 U.S.C. § 271.

5. This Court has personal jurisdiction over Defendant because: (i) Defendant is present within or has minimum contacts within the State of Texas and this judicial district; (ii) Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas and in this judicial district; and (iii) Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of Texas and in this judicial district.

6. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1400(b). Defendant has committed acts of infringement and has a regular and established place of business in this District. Further, venue is proper because Defendant conducts substantial business in this forum, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in Texas and this District.

## III. INFRINGEMENT

**A. Infringement of the '979 Patent**

7. On April 5, 2005, U.S. Patent No. 6,876,979 ("the '979 patent", included as an attachment) entitled "Electronic Commerce Bridge System" was duly and legally issued by the U.S. Patent and Trademark Office. Plaintiff owns the '979 patent by assignment.

8. The '979 patent relates to novel and improved methods and apparatuses for conducting electronic commerce.

9. Defendants maintains, operates, and administers payment products and services that facilitate purchases from a user using a bridge computer that infringes one or more of claims 1-13 of the '979 patent, literally or under the doctrine of equivalents. Defendant puts the inventions claimed by the '979 patent into service (i.e., used them); but for Defendant's actions, the claimed-inventions embodiments involving Defendant's products and services would never have been put into service. Defendant's acts complained of herein caused those claimed-invention embodiments as a whole to perform, and Defendant's procurement of monetary and commercial benefit from it.

10. Support for the allegations of infringement may be found in the following exemplary table included as Exhibit A. These allegations of infringement are preliminary and are therefore subject to change.

11. Defendant has and continue to induce infringement. Defendant has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services (e.g., methods for supporting multi-party collaboration over a computer network) such as to cause infringement of one or more of claims 1-13 of the '979 patent, literally or under the doctrine of equivalents. Moreover, Defendant has

known of the '979 patent and the technology underlying it from at least the filing date of the lawsuit.[1] For clarity, direct infringement is previously alleged in this complaint.

12. Defendant has and continue to contributorily infringe. Defendant has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continue to do so, on how to use its products and services (e.g., methods for supporting multi-party collaboration over a computer network) and related services such as to cause infringement of one or more of claims 1-13 of the '979 patent, literally or under the doctrine of equivalents. Further, there are no substantial noninfringing uses for Defendant's products and services. Moreover, Defendant has known of the '979 patent and the technology underlying it from at least the filing date of the lawsuit. [2] For clarity, direct infringement is previously alleged in this complaint.

13. Defendant has caused and will continue to cause Plaintiff damage by direct and indirect infringement of (including inducing infringement of) the claims of the '979 patent.

## IV. JURY DEMAND

Plaintiff hereby requests a trial by jury on issues so triable by right.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

a. enter judgment that Defendant has infringed the claims of the '979 patent;

b. award Plaintiff damages in an amount sufficient to compensate it for Defendant's infringement, in an amount no less than a reasonable royalty or lost profits, together with pre-judgment and post-judgment interest and costs under 35 U.S.C. § 284;

---

[1] Plaintiff reserves the right to amend if discovery reveals an earlier date of knowledge.
[2] Plaintiff reserves the right to amend if discovery reveals an earlier date of knowledge.

c.  award Plaintiff an accounting for acts of infringement not presented at trial and an award by the Court of additional damage for any such acts of infringement;

d.  declare this case to be "exceptional" under 35 U.S.C. § 285 and award Plaintiff its attorneys' fees, expenses, and costs incurred in this action;

e.  declare Defendant's infringement to be willful and treble the damages, including attorneys' fees, expenses, and costs incurred in this action and an increase in the damage award pursuant to 35 U.S.C. § 284;

f.  a decree addressing future infringement that either (i) awards a permanent injunction enjoining Defendant and its agents, servants, employees, affiliates, divisions, and subsidiaries, and those in association with Defendant from infringing the claims of the Patents-in-Suit, or (ii) awards damages for future infringement in lieu of an injunction in an amount consistent with the fact that for future infringement the Defendants will be an adjudicated infringer of a valid patent, and trebles that amount in view of the fact that the future infringement will be willful as a matter of law; and,

g.  award Plaintiff such other and further relief as this Court deems just and proper.

DATED: March 18, 2022

Respectfully submitted,

**Ramey LLP**

*/s/ William P. Ramey, III*

William P. Ramey, III
Texas State Bar No. 24027643
5020 Montrose Blvd., Suite 800

5

                      Houston, Texas 77006
                      (713) 426-3923 (telephone)
                      (832) 900-4941 (fax)
                      wramey@rameyfirm.com

                      ***Attorneys for AML IP, LLC***